# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Teena Ward, *individually and as administrator for deceased* Charles W. Ward,

        Plaintiff

        v.

Auto-Owners Insurance Company,

        Defendant

Case No. 3:19CV1163

**ORDER**

This is an insurance dispute. Plaintiff Teena Ward (Teena) raises bad-faith and breach of contract claims against defendant Auto-Owners Insurance Company (Auto-Owners).

Auto-Owners insured the truck Teena's husband, Charles Ward (Charles) drove for work. Charles died after a July 18, 2017, on-the-job collision that another driver, Lisa Price, allegedly caused. Believing Price had insufficient insurance coverage to compensate her losses, Teena filed a claim with Auto-Owners for underinsured motorist benefits. While processing the claim, Auto-Owners agreed to advance Teena $100,000, which was the limit on Price's insurance policy, in exchange for an assignment of Teena's rights to pursue further relief against Price. Teena alleges, however, that Auto-Owners repeatedly delayed processing her claim and, eventually, offered her a "low-ball" sum to resolve it.

Pending is Auto-Owners's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and 19. (Doc. 5). Auto-Owners contends that Price is a necessary and indispensable party to this action, and, because joining Price would destroy jurisdiction, I must dismiss the case.

For the reasons that follow, I deny the motion without prejudice.

**Background**

Charles Ward was a truck driver for Brookside Trucking, Inc. (Brookside), and Auto-Owners insured the truck he drove for work. (Doc. 1 at 1, ¶ 2). The policy covering the truck included $1 million in uninsured/underinsured motorist coverage. (*Id.*).

The July 18, 2017, fatal crash occurred when Price, allegedly negligently, drove her car away from a stop sign and into Charles's path.[1] (Doc. 1 at 1, ¶ 1).

On or about July 26, 2017, Teena, as administrator of Charles's estate, filed a claim with Auto-Owners for underinsured motorist benefits because she thought Price had insufficient insurance coverage to pay the costs of the crash. (Doc. 1 at 2, ¶ 6). Just over two weeks later, Auto-Owners confirmed that Price was underinsured. (*Id.* at 2, ¶ 7). In the meantime, Price's insurer, Erie Insurance Company (Erie), offered Teena $100,000 – the limit on Price's policy – "to resolve her liability for the subject collision." (*Id.* at 2, ¶ 8).

The Auto-Owners policy's underinsured motorist provisions provide coverage where

> b. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and [Auto-Owners]:
>
> (1) [Has] been given prompt written notice of such settlement; and
> (2) Advance[s] payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.

(Doc. 5-2 at 44).

Auto Owners memorialized its payment of $100,000 Teena for her assignment of her right to recover against Price in a Receipt & Assignment, whereby Teena agreed:

> to protect the rights of Auto-Owners Insurance Company with respect to recovery of any and all payments made pursuant to this Receipt and Assignment and to take no actions which would

---

[1] At the time of the crash, Price's name was Lisa Rinderle. She has since changed her name (*see* Doc. 5-4), and I use her new name throughout this opinion.

2

> prejudice Auto-Owners Insurance Company, its subsidiaries and affiliates, agents and employees and to further take whatever steps are reasonably necessary, pursuant to the terms and conditions of the applicable Auto-Owners Insurance policy against which the Estate of Charles W. Ward, has made a claim for underinsured motorists coverage, to protect the rights of Auto-Owners Insurance Company to recover any sums paid to the Estate of Charles W. Ward, and to otherwise protect Auto-Owners Insurance Company's subrogation rights or other rights, whether based in contract or tort, up to the sum of the $100,000.00 advanced payment and for any other payment which may be made pursuant to the claim for underinsured motorist benefits made by the Estate of Charles W. Ward.

(Doc. 5-3 at 1).

On November 21, 2018, Teena sent Auto-Owners a demand documenting losses "well in excess of $250,000[]" and asking to discuss settling her claim. (Doc. 1 at 2, ¶¶ 13-14). She asserts that Auto-Owners's repeated processing delays involved, in part, repeated requests for unnecessary or already-provided documents. (*See id.* at 2-4, ¶¶ 15-34). On May 15, 2019, Auto-Owners made what Teena characterizes as an "unjustifiable, bad faith" settlement offer of $150,000. (*Id.* at 4, ¶ 35).

On May 20, 2019, Teena sued Auto-Owners for breach of the policy and bad faith, asserting diversity jurisdiction. (Doc. 1). Auto-Owners moved, on June 10, 2019, to dismiss for failure to serve an indispensable party (namely, Price). (Doc. 5).

**Standard of Review**

"Federal Rule of Civil Procedure 12 allows for dismissal of a cause of action for 'failure to join a party under Rule 19.'" *Ravago Ams., LLC v. Ward*, 2019 WL 524266, *2 (N.D. Ohio) (Boyko, J.) (quoting Fed. R. Civ. P. 12(b)(7)). "The party moving for dismissal under Rule 12(b)(7) bears the burden of showing the absent person should be joined under Rule 19." *Brucker v. CBS Corp.*, 2016 WL 1588674, *1 (N.D. Ohio) (Helmick, J.) (citing *Meta v. Target*

3

*Corp.*, 74 F. Supp. 3d 858, 866 (N.D. Ohio 2015) (Nugent, J.); 2 James Wm. Moore, Moore's Federal Practice ¶ 12.35 (3d ed. 2015)).

## Discussion

Auto-Owners argues that Price is a necessary and indispensable party and, because both Teena and Price are Ohio citizens such that Price's joinder would destroy diversity between them, I must dismiss this case. (Doc. 5 at 3-4, 9 (citing 28 U.S.C. § 1332)).

The Sixth Circuit has adopted "a three-step process" for determining whether a third party must be joined:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (internal citations and parentheticals omitted).

A third party is deemed a necessary party if "in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A).

Though "the question of whether a party is necessary or indispensable is a question of federal law[,]" courts in diversity cases look to state law for "guidance in determining whether the parties have an interest in the litigation, as defined by Rule 19[.]" *Hooper v. Wolfe*, 396 F.3d 744, 749 n.4 (6th Cir. 2005) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)). I therefore look to Ohio law to inform my analysis.

Auto-Owners argues that Teena "is contractually required to include [Price] in this suit" because both the policy and the assignment agreement require Teena to defend Auto-Owners's subrogation interest and failure to do so excludes her from coverage. (*See* Doc. 5 at 7-8). Teena

4

counters that, because the policy does not expressly require her to sue the tortfeasor, Price is not a necessary party in this case. (*See* Doc. 8 at 5-7) (citing *Helms v. Nationwide Ins. Co.*, 2011 WL 4024790, *3, *7 (S.D. Ohio)).

Both parties miss the mark. The record here presents insufficient evidence for me to determine whether Price is a necessary and/or indispensable party.

In *Helms*, *supra*, 2011 WL 4024790 at *7, the court denied an insurer's motion to dismiss its insureds' claim for bad faith and breach of contract for failure to join the tortfeasor. Defendant advanced $100,000 – the tortfeasor's policy limits – to plaintiffs in underinsured motorist benefits in exchange for an "agreement to 'pay over' to" defendant "any amounts that they may collect from the Tortfeasor." *Id.* at *1.

To determine whether the tortfeasor was a necessary party, the court examined whether plaintiffs' failure to join him breached the policy.[2] The policy did not expressly require plaintiffs to sue the tortfeasor; it did require them to "preserve the insurer's subrogation rights, and do nothing to prejudice them."[3] *Id.* at *6. Looking to Ohio law, the court reasoned that a plaintiffs' failure to sue or pursue settlement with the tortfeasor would breach their duty to protect defendant's subrogation interest, unless plaintiffs could show the tortfeasor was judgment proof. *See id.* at *6-*7 (quoting *Posner v. St. Paul Fire & Marine Ins. Co.*, 821 N.E.2d 173, 179 (Ohio 2004) (additional internal citation omitted)). But, because the record did not show whether plaintiffs tried to settle with the tortfeasor or whether the tortfeasor was solvent, the court denied defendant's motion without prejudice for want of further factual development. *Id.* at *7.

---

[2] The court first determined that the Ohio underinsured motorist statute did not require plaintiffs to sue the tortfeasor. *Helms, supra,* 2011 WL 4024790 at *4 (citing Ohio Rev. Code. § 3937.18).

[3] The policy "contain[ed] only two *specific* references to filing suit against the tortfeasor, both of which [were] expressed in discretionary language." 2011 WL 4024790 at *5-*6.

Plaintiffs subsequently amended their complaint to add the tortfeasor, "implicitly conceding that Plaintiffs' failure to pursue [the tortfeasor] might prejudice [defendant.]" *Helms v. Nationwide Ins. Co.*, 280 F.R.D. 354, 357 (S.D. Ohio 2012).

Here, neither the policy nor the Receipt & Assignment expressly requires Teena to sue Price. (*See* Doc. 5-2; Doc. 5-3).

The policy imposes only two conditions precedent, both of which are met here, to Teena's entitlement to underinsured motorist coverage: 1) Teena must notify Auto-Owners of Erie's settlement offer, and 2) Auto-Owners must advance the settlement amount to Teena within thirty days of receiving such notification. (*See* Doc. 5-2 at 44). But the Receipt & Assignment, issued "pursuant to the terms and conditions of" the policy, imposes on Teena an obligation "to . . . protect Auto-Owners Insurance Company's subrogation rights[.]" (Doc. 5-3 at 1).

Accordingly, to determine whether I can accord complete relief, including Auto-Owners' rights of subrogation, without Price, I must determine whether Teena's failure to join Price as a party here and now breaches her duty to protect Auto-Owners's subrogation interest.

I cannot resolve that issue on this record.

Under Ohio law, an insured's "failure . . . to bring a wrongful-death claim against the tortfeasor" breaches the insured's duty to protect the insurer's subrogation interest, unless the insured can show that the tortfeasor is judgment proof. *See Posner*, *supra*, 821 N.E.2d at 179. Such a breach "is presumed prejudicial to the insurer absent evidence to the contrary." *Ferrando v. Auto-Owners Mut. Ins. Co.*, 781 N.E.2d 927, 929 (Ohio).

Teena indicates in her brief that she "has no interest in bringing a claim against Ms. [Price]." (Doc. 8 at 8). Her failure, if called on to do so, to pursue a claim may prejudice Auto-Owners's subrogation interest, unless she can show Price is judgment proof. *See Posner*, *supra*,

6

821 N.E.2d at 179; *Helms*, *supra*, 2011 WL 4024790 at *6-*7. Although Teena claims Price has "no assets beyond her liability insurance policy limits that have been offered[,]" (Doc. 8 at 8), she provides no evidence supporting that bald assertion. On the other hand, Auto-Owners produces no proof of Price's solvency. Auto-Owners therefore has not carried its burden to show that Teena's failure to join Price would breach Teena's obligation to protect its subrogation interest such that Price is a necessary, or indispensable, party.

Accordingly, I, like the court in *Helms*, *supra*, 2011 WL 4024790 at *7, deny Auto-Owners's motion without prejudice to its right to refile on a more developed record.

## Conclusion

It is, therefore, ORDERED THAT defendant Auto-Owners Insurance Company's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and 19 (Doc. 5) be, and the same hereby is, denied without prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge